OFFICE OF THE ATTORNEY GENERAL OF TEXAS

AUSTIN

Honorable John Dawson
County Attorney
San Patricio County
Sinton, Texas

*This opinion no longer applicable See O-7105*

Dear Sir:

Opinion No. 0-6589

Re: Under the provisions of Article 707, Penal Code of Texas, is a bottler of soda water committing an offense by adding "saccharin" to his product?

From your letter requesting our opinion, we quote the following:

"A bottler of soda water who vends soda water in this county has been arrested by an official of the state health department, and charged by complaint with the offense of selling and offering for sale soda water to which has been added 'saccharin', and alleging that thereby the quality and strength had been lowered and that such saccharin had been substituted for sugar.

"The writer desires to know whether or not Art. 707 of our Penal Code makes his action an offense. He does not label his product as containing sugar, nor does he represent that the same contains sugar."

By supplemental letter you state that you are not worried about any mislabeling or misbranding aspect of the question, but merely wish to know whether the substitution of saccharin for sugar in the soda water in issue constitutes "adulteration" under the provisions of Article 707, Penal Code. You also state that the manufacturer is not making his soda water by a patented formula which calls for the use of sugar as a sweetening agent.

The penal laws of this state relating to unwholesome food and medicine are contained in chapter two of Title 12 of the Penal Code. Article 706 defines food as including "all articles used by man for food, drink, flavoring, confectionery, or condiment, whether simple, mixed or compounded." The soda water of which you inquire is therefore classified as food within the meaning of Article 707, Penal Code, which reads, in part, as follows:

"For the purposes of this chapter an article shall be deemed to be adulterated:

" * * *

"(c) In the case of food;

"(1) if any substance has been mixed and packed with it so as to reduce or lower or injuriously affect its quality or strength;

"(2) if any substance has been substituted wholly or in part for the article;

"(3) if any valuable constituent of the article has been wholly or in part abstracted, or if the product be below that standard of quality, quantity, strength or purity represented to the purchaser or consumer.

"(4) if it be mixed, colored or powdered, coated or stained in a manner whereby damage or inferiority is concealed;

"(5) if it contains any added poisonous or other added deleterious ingredient which may render such article injurious to health, provided, that when in the preparation of food products for shipment they are preserved by any external application applied in such manner that the preservative is necessarily removed mechanically, or by maceration in water or otherwise, and directions for the removal of said preservative

shall be printed on the covering of the package, the provisions of this Act shall be construed as applying only when said products are ready for consumption.

"(6) if it consists in whole or in part of a filthy, decomposed or putrid animal or vegetable substance, or any portion of an animal or vegetable unfit for food, whether manufactured or not, or if it is the product of a diseased animal, or one that has died otherwise than by slaughter.

" * * * "

Your question to us is whether or not the use of saccharin in soda water constitutes adulteration within the meaning of the above statute.

We fail to find any Texas statute prohibiting the use of saccharin in lieu of sugar as a sweetening agent in the manufacture of bottled beverages. The law fixes no standard for sweetness of soda water, nor does it otherwise require the use of any special ingredient in its composition. Webster defines "soda water" to be "now, in common usage, a beverage consisting of water highly charged with carbon dioxide (carbonic acid), to which a flavored sirup is usually added." Webster's New International Dictionary, 2d Edition.

In the case of F. B. Washburn & Co. v. United States (C. C. A. 1915) 224 F. 395, it was held that in a prosecution for violating the Food and Drugs Act of June 30, 1906 (21 U. S. C. A. 8 10) by adulterating macaroons by the addition of glucose, since there was no standard of sweetness for macaroons fixed by law or otherwise, the defendant was not guilty.

We know of no reason why soda water, not made in accordance with a patented formula, as you say is true with respect to the product of which you inquire, should, in the first instance, necessarily be made with sugar as the sweetening agent.

Saccharin is not per se unlawful, nor is its use condemned by any Texas statute. While we claim no especial learning in the field of science, chemistry, or medicine, the most that we have found against saccharin through investigation of available authorities, is that it is non-nutritive and of no food value, and especially when used in such small amounts as to sweeten and thus impart a palatable flavor to soda water, is not harmful. See, e. g., Scientific American, December 1942, p. 269, quoting Journal of American Medical Association.

It is our opinion that a prosecution such as you mention is not warranted on the grounds of adulteration as same is defined in Article 707, Penal Code, supra, because of the lack of prescribed definite standards fixed for soda water in compliance with the general objects, principles and rules of interpretation set out in the first title and chapter of the Penal Code. See especially, Articles 1, 6, 9, and 10 of said code.

However, we feel that we should direct your attention to the holding of the Federal Food and Drug Administration. In response to our letter written upon receipt of your original inquiry, we have received a communication from that agency reading, in part, as follows:

"Receipt is acknowledged of your letter of July 5, 1945, requesting information as to regulations of the Federal Government which may restrict the use of saccharin in bottled beverages.

"No formal regulation dealing with the use of saccharin in beverages for general consumption has been issued. The Food and Drug Administration, in connection with the enforcement of the Food, Drug, and Cosmetic Act of 1938, has expressed the opinion that saccharin when used in foods to replace sugar renders the food in which so used adulterated within the meaning of section 402(b) (1) and (2) of the Act in that a valuable constituent has been in whole or in part omitted, and that the non-nutritive substance, saccharin, has been added thereto so as to reduce its

quality of strength or make it appear better or of greater value than it is. A number of actions have been taken against foods, including bottled beverages, alleged to be adulterated in this way. In no recent instance have such allegations been contested. A copy of Notice of Judgment 5602 showing termination of an action against carbonated beverages is enclosed.

"Certain foods intended for special dietary use by persons, such as those suffering from diabetes, who may wish to use a food sweetened with saccharin but containing no sugar, are not considered adulterated as outlined above if such special dietary foods are actually what they purport to be and are properly labeled. Special regulations for the labeling of such foods have been promulgated and are contained in the Code of Federal Regulations, Cumulative Supplement, Title 21, page 5286, in the Chapter entitled 'Part 125 Label Statements Concerning Dietary Properties of Food Purporting to be or Represented for Special Dietary Use.' Section 125.7 deals with label statements relative to non-nutritive constituents. Saccharin and saccharin salts are non-nutritive and are covered by the requirements of this section."

Trusting that the above is satisfactory, we are

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By

Benjamin Woodall
Assistant

BW:zd/JCP

APPROVED JUL 25, 1945
(s) Carlos C. Ashley
FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED:
Opinion Committee
By G.W.B.,
Chairman